C. F. HARDER v. THE KANSAS & COLORADO PACIFIC RAILWAY COMPANY.

No. 14,720.    (87 Pac. 719.)

SYLLABUS BY THE COURT.

1. PRACTICE, SUPREME COURT — *Consolidation of Actions.* A judgment will not be reversed on account of the refusal of the trial court to consolidate the action in which it was rendered with another merely because such a consolidation might have been proper. To procure a reversal on account of such ruling the party aggrieved must show that his rights have been substantially prejudiced thereby.

2. ——— *Prejudice Not Shown, nor Presumed.* A husband and wife severally owned tracts of land which adjoined and which were used as one property, but not as a homestead. A railway company condemned a right of way across both tracts.

Each separately appealed from the award of damages made by the commissioners on account of the land taken from the corresponding tract. A motion made by the landowners in the district court to consolidate the cases was denied. *Held,* that there is no presumption that such ruling was prejudicial to the substantial rights of the parties, and that in this case no such prejudice is shown.

Error from Woodson district court; OSCAR FOUST, judge. Opinion filed November 10, 1906. Affirmed.

*Kirkpatrick & Holmes,* for plaintiff in error.

*J. H. Richards,* and *C. E. Benton,* for defendant in error; *Lamb & Hogueland,* of counsel.

The opinion of the court was delivered by

MASON, J.: For many years past C. F. Harder has owned all of a 340-acre tract of land, lying in a compact body, excepting two square forties belonging to his wife. The entire tract has been used as one farm, but no part of it is occupied as a homestead. In 1902 the Kansas & Colorado Pacific Railway Company condemned a right of way for its road across the tract, lying in part upon the land of Harder and in part upon that of his wife. A separate award of damages was made to each of them, and each appealed. In the district court the cases were consolidated by agreement and a settlement was effected by which a lump sum was paid in satisfaction of both claims. A judgment was entered in the case providing, among other things, that the company should construct and maintain at a designated point in its road-bed on the land of Harder a pile-bridge seventy feet in length and should leave a thirty-five foot opening in its fences on each side of such bridge. When the road was built the company put in a private crossing for Harder over its track on his land, but shortly afterward took it up. In 1903 the company condemned a narrow strip of ground parallel to and adjoining its first right of way. As before, damages were separately awarded to Harder and to his wife, and

as before each appealed.  In the district court the Harders asked that the cases be consolidated, but the request was refused.  A trial of Harder's appeal resulted in a verdict and judgment adopting the award already made.  Harder prosecutes error.

Under various assignments the plaintiff in error complains of the action of the trial court in denying the motion to consolidate the two causes, in ruling out evidence relating to the pile-bridge that had been constructed and to the grade crossing that had been taken out, and in giving instructions with regard to the measure of damages.

In support of the claim of error with respect to the motion to consolidate it is contended that the railroad company was obliged to pay, and the husband and wife together were entitled to receive, a sum equal to whatever diminution in value the appropriation of the additional strip occasioned to the entire tract, of which each owned a part, treated as one property.  It may be assumed that this contention is correct.  It does not follow, however, that the refusal to try the two appeals together was error.  Consolidations are ordinarily a matter of convenience, concerning which the trial court has a large discretion.  A judgment should not be reversed on account of a ruling in such connection unless some actual prejudice is shown.  It is not made to appear that there was any difficulty in determining how much of the total depreciation referred to fell upon the part of the land owned by the husband and how much upon that owned by the wife, or in determining how much of it was due to the appropriation of the husband's land and how much to the appropriation of the wife's.  If such apportionment was practicable—and no reason appears to the contrary—no injury could result to the landowners from the cases being tried separately.  If in the present proceeding Harder was denied the right to prove and to recover for any increased loss he suffered by the taking of a part of his own land,

growing out of its use in conjunction with that of his wife, his ground of complaint is not that his appeal was tried alone but that a wrong theory of the measure of damages was adopted. The claim of Harder that his land became less valuable because the railway company took a part of his wife's land, and that he was entitled to recover damages by reason thereof, was a matter proper to be investigated and decided in the proceeding based upon the appeal from the award made by the commissioners with respect to the tract so taken. If the omission of Harder to join in that appeal had the effect to cut him off from a right which he would otherwise have had to be heard in that proceeding, the right so lost could not be restored by a consolidation of the two cases.

The district court rightly rejected testimony directed to the question whether the pile-bridge constructed by the railway company conformed to the judgment rendered in the first condemnation proceeding. Any failure in this respect could not be redressed in the present action. So with regard to evidence concerning the taking up of the private crossing over the track already built. Whether the expense of such crossing if it should be replaced would fall upon the railway company or upon the landowner did not affect the question of how far the latter was damaged by the taking of the additional land.

The jury were not told in so many words that they should take into account the fact that the land of Harder was used in connection with that of his wife, nor was such an instruction asked. The charge given, however, included this language:

"It is simply the intention of the law that compensation must go hand in hand with the actual loss or injury sustained by the person whose land is taken. In the determination of this question as to what would be full compensation you are not confined to simply awarding the plaintiff the value of the land actually taken for railroad purposes and con-

sidered only as a separate, independent tract of land, but you may also consider the use to which the land has been appropriated by the plaintiff, and its situation and value with reference to other land of the plaintiff with which it is connected in use—and looking at the land appropriated from that standpoint, and in the light of all the evidence in the cause, you will award the full or fair market value of the land appropriated by the defendant company, with such damages, if any, as may be sustained to another tract by reason of the appropriation of a part for railroad purposes adjacent to right of way, as may be shown by the evidence in the cause."

In the absence of a request for anything more specific this must be deemed sufficient to cover the ground suggested. The jury had been permitted to view the premises, and to hear evidence covering fully the relation of Harder's land to that of his wife, as regarded situation and use. They were directed to avail themselves of all the information so obtained—not to disregard any of it.

The verdict allowed the plaintiff only the value of the land actually taken, which was agreed upon. His claims for additional compensation, as shown by an itemized statement accompanying his petition, were based upon the supposition that the use to which the company would put the newly condemned land would injure him, first, by obstructing the opening in the pile-bridge under the track to which he was entitled by the terms of the first condemnation, thereby interfering with the drainage of his land and with his passing back and forth under the track, and, second, by impeding his passage across the track at a point where the private crossing had previously been constructed. The company in its answer disclaimed all purpose under the second condemnation to acquire any right to obstruct the opening under the pile-bridge by embankments, fences or otherwise, and agreed that such bridge should be maintained in the future as required by the judgment rendered in the first condemnation proceed-

ings. The evidence did not compel the conclusion that the plaintiff suffered any damage in respect to either drainage or crossings. He appears to have had a full and fair hearing upon these matters, and not to have been hampered in respect thereto either by the rulings that were made upon the admission of testimony or by the instructions that were given to the jury. The judgment is therefore affirmed.

All the Justices concurring.